UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN CAVER, | ) | CASE NO. 4:07 CV 692 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 9, 2007, pro se plaintiff Calvin Caver filed this mandamus action under 28 U.S.C. § 1361 against Corrections Corporation of America ("CCA"). In the petition, Mr. Caver asserts that the law library is inadequate at the Northeast Ohio Correction Center (NEOCC"), which is owned and operated by CCA. He seeks an order from this court requiring CCA to provide him with access to an adequate law library facility.

**Background**

Mr. Caver indicates that at the time of the filing of this petition, he was incarcerated at NEOCC while awaiting transfer to a federal bureau of prison ("BOP") facility. He is now incarcerated at the FCI-McKean prison.

Mr. Caver alleges that NEOCC does not provide a sufficient law library for its pre-

trial detainees and those awaiting transfer to other institutions.  He claims the Federal Second and Third Series of Reporters is missing.  Some of the Federal Appendix is missing as well.  There are no Shepards books, United States Government Manuals, or American Jurisprudence encyclopedias.  He indicates that although the facility houses prisoners from other states, the only state law books provided pertain to Ohio.  He claims that inmates and detainees are charged for paper and the typewriters do not work.  He indicates that the law library can hold only 10 inmates while each dorm houses 75 inmates.  There are only two computers available and they are always in use.  Mr. Caver alleges that verbal requests for additional time in the law library are denied.  He has filed this mandamus action asking this court to compel NEOCC to provide him with sufficient access to an adequate law library.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Twenty-eight U.S.C. § 1361 provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. See Heckler v. Ringer, 466 U.S. 602, 616-17 (1984); In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.1995); Ryon v. O'Neill, 894 F.2d 199, 205 (6th Cir.1990). In this case, Mr. Caver has not shown either that he has a clear right to relief or that NEOCC officials have a clear duty to act.

As an initial matter, Mr. Caver's request for mandamus relief is moot. He is no longer at NEOCC.

Moreover, even if he were still housed at the institution, he has not established that he had a clear right to relief under the First Amendment. To state a claim for denial of access to the courts, Mr. Caver must demonstrate he suffered actual injury as a result of the inadequacy of the law library. Lewis v. Casey, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355. Mr. Caver does not

---

[2] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those

3

indicate that the law library caused him any injury. He asserts only that he needs sufficient access to an adequate law library so that he can research, draft, and type legal pleadings related to his federal conviction, prior state conviction and possible civil actions. Pretrial detainees and those awaiting transfer to BOP facilities following trial often have attorneys who are appointed to represent them. While Mr. Caver may have desired a better law library, there is no reason to assume that he was denied access to the courts.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 6/15/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.